# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KODY W. JANSA, | ) | 4:15CV3074 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| RANDY KOHL, DIANE SABATKA-RINE, CHRISTINE L. FERGUSON, RANDY CROSBY, RANDAL BRADLEY, JULIE PEW, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Kody Jansa ("Jansa") filed his Complaint (Filing No. 1-1) in this matter on July 13, 2015. This Court has given Jansa leave to proceed in forma pauperis. (Filing No. 6.) The Court now conducts an initial review of Jansa's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Jansa is incarcerated at the Nebraska State Penitentiary ("NSP") in Lincoln, Nebraska. His claims are based on incidents that occurred during his incarceration. Liberally construed, he asserts state-law medical negligence claims and also Eighth Amendment claims brought pursuant to 42 U.S.C. § 1983. He sued six state officials in their individual and official capacities.

Jansa alleged that, at some point between mid-January and April 23, 2014, he suffered from the flu and later a chest cold. Following these illnesses, he "began itching over his entire body." In response, medical staff gave him a five-day course of steroids and calamine lotion. (Filing No. 1-1 at ECF. 4.) Despite this treatment, Jansa's body continued

to itch. He complained to housing unit staff. They advised him to file an interview request form and refused to contact the medical staff on his behalf. (Filing No. 1-1 at ECF 5.)

On April 23, 2014, Jansa wrote an interview request form addressed to the medical department advising that he had completed the prescribed treatment, but his itching persisted. He asked to be seen by medical staff as soon as possible. Medical staff responded by scheduling Jansa for a "sick call" on May 7, 2014. (Filing No. 1-1 at ECF 5.)

Jansa alleged that by April 23, 2014, his itching was "so bad that he was bleeding from all of the scratching, and he had created sores all over his body." In addition, he "was in constant pain and discomfort, as well as feeling nauseated and very ill." (Filing No. 1-1 at ECF 5.) Jansa advised housing unit staff that he could not wait until May 6 to be seen by medical staff. However, housing unit staff refused to contact the medical staff on Jansa's behalf. (Filing No. 1-1 at ECF 5.)

On April 29, 2014, three inmates informed Jansa that his skin and eyes were yellow. On this date, Jansa informed housing unit staff on at least two occasions that something was wrong and that he was turning yellow, but they advised him that they "'did not want to hear anything else'" from him about his medical condition and advised him to contact the medical department. (Filing No. 1-1 at ECF 6.) Again, the following day, Jansa asked his case worker for assistance, but his case worker refused to contact the medical department of his behalf. (Filing No. 1-1 at ECF 6.)

Jansa alleged that on May 2, 2014, he "was so ill he could barely function." He alleged he "could not stop itching and developed sores over his entire body." In addition, he felt nauseous and light-headed, and his skin and eyes were dark yellow. On this date, Jansa asked a case manager named Schuster to contact the medical department on his

behalf. Another case manager, Defendant Randal Bradley, overheard the request and advised Schuster not to contact the medical department. Schuster disregarded Bradley's advice and contacted the medical department. (Filing No. 1-1 at ECF 6.) Medical staff advised that they were "full for the day," but would see him at the end of the day "if a spot opened up." (Filing No. 1-1 at ECF 6–7.)

On May 2, 2014, upon observing Jansa's condition, a staff member went to the medical department and convinced staff to see Jansa immediately. The prison doctor ordered lab work and, based on the results of the lab work, ordered that Jansa be transported to the emergency room. (Filing No. 1-1 at ECF 7.) Jansa spent the next 12 days in the hospital. Jansa did not identify the medical condition he suffered from during this time, but alleged he stayed in the hospital until his "liver enzymes stabilized." (Filing No. 1-1 at ECF 8.)

Jansa seeks injunctive relief and unspecified money damages in this case. (Filing No. 1-1 at ECF 9–10.)

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A.     Eighth Amendment Claims**

Jansa seeks injunctive and monetary relief against the defendants in their individual and official capacities for violations of the Eighth Amendment and state law. For the reasons that follow, the Court finds that Jansa has not stated plausible federal claims for relief against any of the named defendants. However, the Court will provide Jansa with an opportunity to file an amended complaint.

To prevail on an Eighth Amendment claim, Jansa must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. Jansa must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. *Popoalii v. Corr. Medical Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

Here, Jansa's allegations suggest he suffered from objectively serious medical needs and, on April 23, April 29, and May 2, one or more individuals knew of, but

5

deliberately disregarded those needs. However, Jansa did not identify who observed his illness and refused to assist him on any of these dates. Indeed, five of the six defendants—Randy Kohl, Diane Sabatka-Rine, Christine Ferguson, Randy Croxby, and Jule Pew—are never mentioned in Jansa's allegations. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that the court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

The only defendant identified in Jansa's allegations is Randal Bradley. Jansa alleged that on May 2, 2014, Bradley overheard Jansa asking a unit manager for medical assistance and advised the unit manager not to call for medical assistance. (Filing No. 1-1 at ECF 6.) Jansa did not allege that Bradley observed Jansa's condition or had any reason to believe he suffered from a serious medical condition. Therefore, his allegations are insufficient to state a claim for relief against Bradley under the Eighth Amendment.

On the Court's own motion, the Court will give Jansa thirty days in which to file an amended complaint that states a federal claim upon which relief may be granted. Jansa should be mindful to identify who observed Jansa's condition on April 23, April 29, and May 2, what they observed, and in what manner they refused to assist him. Jansa's amended complaint will supersede his original Complaint (Filing No. 1). Jansa must clearly designate on the face of the document that it is his amended complaint. In addition, to avoid confusion, the amended complaint must clearly display the case number.

**B.     State-Law Claims**

Jansa has also sued the defendants for violations of state law. At this point in the proceedings, the Court makes no determination as to the validity of these claims or whether the Court has jurisdiction over them. Accordingly,

IT IS ORDERED:

1. On the Court's own motion, the Court will give Jansa thirty days in which to file an amended complaint that states a federal claim upon which relief may be granted. Jansa should be mindful to identify who observed Jansa's condition on April 23, April 29, and May 2, what they observed, and in what manner they refused to assist him. Jansa's amended complaint will supersede his original Complaint (Filing No. 1). Jansa must clearly designate on the face of the document that it is his amended complaint. In addition, to avoid confusion, the amended complaint must clearly display the case number.

2. The clerk of the court is directed to set the following pro se case management deadline: February 18, 2015: check for amended complaint.

3. The Court will conduct further review of any amended complaint filed in this case to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915 and 1915A.

DATED this 20th day of December, 2016.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  Chief United States District Judge