IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KODY W. JANSA, | ) |
| | ) |
| Plaintiff, | ) 4:15CV3074 |
| | ) |
| V. | ) |
| | ) |
| RANDY KOHL, Deputy Director of Health Services; in his official capacity and in his individual capacity; Nebraska Department of Correctional Services Employees, DIANE SABATKA-RINE, Warden, N.S.P.; in her official capacity and in her individual capacity, CHRISTINE L. FERGUSON, M.D., N.S.P.; in her official capacity and in her individual capacity, RANDY CROSBY, Unit Manager, N.S.P., in his official capacity and in his individual capacity, RANDAL BRADLEY, Case Worker, N.S.P., in his official capacity and in his individual capacity, JULIE PEW, APRN, N.S.P.; in her official capacity and in her individual capacity, MICHAEL KENNY, in his official capacity and in his individual capacity, and TED HAYES, Case Worker, N.S.P., in his official capacity and in his individual capacity, | ) **MEMORANDUM AND ORDER** |
| Defendants. | ) |

Plaintiff Kody Jansa, who is currently incarcerated at the Nebraska State Penitentiary in Lincoln, Nebraska, filed his Complaint in this case on July 13, 2015. (Filing No. 1.) Liberally construed, Plaintiff asserts state-law medical negligence

claims and also Eighth Amendment claims brought pursuant to 42 U.S.C. § 1983. He has sued eight state officials in their individual and official capacities.

The court conducted a pre-service screening of the Complaint on January 20, 2016. (Filing No. 11.) The court found that Plaintiff's allegations suggested he suffered from objectively serious medical needs and that one or more individuals knew of, but deliberately disregarded those needs. However, the court concluded that Plaintiff had failed to state cognizable claims because he did not identify who observed his illness and refused to assist him. Nevertheless, the court granted Plaintiff leave to file an amended complaint. The court advised Plaintiff that in amending his Complaint, he should be mindful to identify who observed his medical condition and in what manner that individual refused to assist him.

Plaintiff filed his Amended Complaint (Filing No. 15) on or about February 22, 2016. After reviewing the Amended Complaint, the court finds that Plaintiff has complied with its January 20, 2016 Memorandum and Order and that service on Defendants is now warranted. Although the court finds that Plaintiff's claims may proceed against Defendants, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Amended Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.  To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send EIGHT summons forms and EIGHT USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

2.  Upon receipt of the completed forms, the Clerk of the court will sign the

summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to [Federal Rule of Civil Procedure 4](#) and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

3. [Federal Rule of Civil Procedure 4](#) requires service of the complaint on a defendant within 90 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

4. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

5. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "July 1, 2016: Check for completion of service of summons."

6. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 1st day of April, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge