IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KODY W. JANSA, | ) |
| | ) |
| Plaintiff, | ) 4:15CV3074 |
| | ) |
| V. | ) |
| | ) |
| RANDY KOHL, Deputy Director of Health Services; in his official capacity and in his individual capacity; Nebraska Department of Correctional Services Employees, DIANE SABATKA-RINE, Warden, N.S.P.; in her official capacity and in her individual capacity, CHRISTINE L. FERGUSON, M.D., N.S.P.; in her official capacity and in her individual capacity, RANDY CROSBY, Unit Manager, N.S.P., in his official capacity and in his individual capacity, RANDAL BRADLEY, Case Worker, N.S.P., in his official capacity and in his individual capacity, JULIE PEW, APRN, N.S.P.; in her official capacity and in her individual capacity, MICHAEL KENNY, in his official capacity and in his individual capacity, and TED HAYES, Case Worker, N.S.P., in his official capacity and in his individual capacity, | ) **MEMORANDUM AND ORDER** |
| Defendants. | ) |

Plaintiff has filed a motion (Filing No. 29) seeking the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that

"[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that: Plaintiff's Motion to Appoint Counsel (Filing No. 29) is denied without prejudice to reassertion.

DATED this 30th day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge